IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 17-7 |
| ) | Criminal No. 17-144 |
| WAYNE MCCRACKEN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

I. **Introduction**

Pending before the court are identical motions for early termination of supervised release filed by counsel on behalf of defendant Wayne McCracken ("McCracken" or "Defendant") at each of his criminal cases (Crim. No. 17-7, ECF No. 447; Crim. No. 17-144, ECF No. 424). The government filed a response in opposition to the motions. The motions are ripe for decision.

McCracken argues that he has been in full compliance with his conditions of supervision and formed good relations with his sons. McCracken represents that in his work as a welder, he travels throughout the east coast – sometimes on short notice – and obtaining permission to travel is onerous. He also believes that questions about his supervision, in front of work colleagues, have a negative impact on his advancement within the company. In addition, McCracken notes that he frequently must get permission to travel to Ohio to deliver cars. McCracken argues that further supervision is not necessary to reintegrate him into society.

The government opposes the motion and argues that early termination is not warranted in light of the serious crimes McCracken committed (including distribution of fentanyl which resulted in the death of a user), his criminal history, the terms of his plea agreement and the record as a whole.

**II.     Procedural History**

On January 12, 2018, pursuant to a written plea agreement, McCracken pleaded guilty to: (1) conspiracy to distribute and possess with intent to distribute 400 grams or more of fentanyl, and a quantity of heroin, from July to December, 2016, in violation of 21 U.S.C. § 846, as charged in count one of the superseding indictment at Criminal No. 17-7; (2) a lesser-included offense at count two of the superseding indictment at Criminal No. 17-7, namely, distribution and possession with intent to distribute a quantity of fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), without the additional allegation that death resulted from that distribution; (3) conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin, 28 grams or more of crack cocaine, and a quantity of fentanyl from November 2015 through May 2016, in violation of 21 U.S.C. § 846, as charged in count one of the indictment at Criminal No. 17-144; and (4) possession of a firearm by a convicted felon on January 15, 2016, in violation of 18 U.S.C. § 922(g)(1), as charged in count two of the indictment at Criminal No. 17-144.

The applicable advisory guideline range of imprisonment was 120 to 135 months.  The advisory guideline ranges of supervised release were: (1) Criminal No. 17-7, Count 1: 5 years; (2) Criminal No. 17-7, Count 2: 3 years; (3) Criminal No. 17-144, Count 1: 4 to 5 years; and (4) Criminal No. 17-144, Count 2: 1 to 3 years.  Presentence Investigation Report ("PIR").

On October 11, 2018, the court accepted the parties' Rule 11(c)(1)(C) plea agreement and sentenced defendant to a term of imprisonment of 45 months at counts 1 and 2 of Crim. No. 17-7 and counts 1 and 2 of Crim. No. 17-144, all to run concurrent, followed by 8 years of supervised release at counts 1 and 2 of Crim. No. 17-7 and count 1 of Crim. No. 17-144, and 3 years of

supervised release at count 2 of Crim. No. 17-144, all to run concurrent. No fine and no restitution was imposed.

As applicable to the pending motion, the court's sentence (and the parties' agreement) represented a downward variance to McCracken's prison term and an upward variance to his term of supervised release. McCracken's supervision is scheduled to expire on February 27, 2028.

### III. Discussion

#### A. Applicable Law

A district court has the discretion to grant the early termination of a defendant's term of supervised release[1] under 18 U.S.C. § 3583(e). United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

---

[1] Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." Pepper v. United States, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." United States v. Johnson, 529 U.S. 53, 59 (2000).

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 52. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors. Id. at 52-53. The court has done so in this case.

The Third Circuit Court of Appeals has clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. at 53 (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen

circumstances *must* be shown." Id. (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id. (quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1) to determine whether early termination of McCracken's term of supervised release is warranted by his conduct and is in the interest of justice.

### B.  Section 3553(a) Factors

McCracken, essentially, points to two reasons justifying relief:  (1) his continued compliance with the conditions of his supervision; and (2) his belief that his conditions of supervision impact his employment.

#### 1.  The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

McCracken's offenses of conviction were extremely serious.  Although the parties negotiated a plea to a lesser offense, McCracken accepted responsibility for distributing fentanyl that resulted in the death of a user.

McCracken had numerous prior criminal convictions, including a conviction for aggravated assault in which shots were fired.  PIR ¶ 39.  He was in criminal history category III.

---

[2]  The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent.  Melvin, 978 F.3d at 53.

The court accepts the representations that McCracken has done very well in his community while on supervised release. Despite the laudable progress McCracken has made since his release from imprisonment, this factor weighs strongly against early termination.

> 2. ***The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)***

The court acknowledges that McCracken has successfully reintegrated into the community, is working and has formed relationships with his children. Educational and vocational training is apparently not needed at this time. On the other hand, McCracken entered a Rule 11(c)(1)(C) plea agreement, in which he agreed that an 8-year term of supervised release was appropriate and his prison term was shortened as part of that agreement. McCracken has served slightly more than half the term of supervised release that he agreed was appropriate and that the court considered in accepting the agreement with a reduced prison term. In light of the serious nature of McCracken's criminal conduct, a reduction in the term of supervised release would not adequately deter criminal conduct. In other words, an 8-year term of supervised release is still warranted to deter criminal conduct and protect the public.

> 3. ***The sentencing range established by the Sentencing Commission, § 3553(a)(4)***

As noted above, McCracken entered a plea agreement that provided for a significant downward variance from the applicable guideline range of imprisonment. The plea agreement also enabled McCracken to plead guilty to a lesser included offense to avoid a higher statutory penalty for causing the death of a user, even though McCracken accepted responsibility for that conduct. The parties' agreement (which the court accepted) balanced the reduced prison term with a more lengthy term of supervised release. The government correctly notes that the statute

6

of conviction at count 1 of Crim. No. 17-7 contains a 5-year minimum term of supervised release, which McCracken has not yet served. This factor does not favor early termination of McCracken's supervision.

> 4. *Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).*

No pertinent policy statements were raised by the parties with respect to this matter. The court notes the policy statement with respect to acceptance of Rule 11(c)(1)(C) plea agreements, in which the parties agree on the appropriate sentence. This factor does not favor early termination of McCracken's supervision.

> 5. *The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).*

Early termination of the term of supervision (below the statutory mandatory minimum at Crim. No. 17-7 count 1) may create an unwarranted sentencing disparity between McCracken and other defendants with similar records who have been found guilty of similar conduct. Any such defendants would be subject to the same statutory minimum 5-year term of supervised release. This factor does not favor early termination of supervision.

> 6. *The need to provide restitution to any victims of the offense, § 3553(a)(7).*

This factor is not applicable.

### C.  Whether early termination is warranted and in the interest of justice

The court concludes that early termination of McCracken's supervision is not in the interest of justice. The court appreciates and encourages McCracken to continue to succeed economically and in the community and to remain crime free. Compliance with the conditions

of supervision is *required* behavior while serving a term of supervised release. The fact of McCracken's compliance with the conditions of supervision may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

McCracken's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crimes and the need to deter criminal conduct, the interests of justice are best served by McCracken completing his 8-year term of supervised release – which he agreed in the plea agreement was the appropriate sentence.

McCracken did not articulate any specific hardship posed by his current conditions of supervision. His fear about the possible impacts on his advancement in his welding work are speculative. His frustration with the need to seek permission to travel outside the district do not warrant termination of supervision. McCracken, hopefully, can text the probation officer to quickly obtain travel authorization. McCracken has not identified any particular incidents in which travel authorization became a problem. If revisions of his conditions become necessary, for instance to accommodate his work, the court encourages McCracken to continue to communicate with his probation officer to resolve that issue.

**IV.     Conclusion**

Based upon the foregoing, the court will deny the motions for early termination of supervised release (Crim. No. 17-7, ECF No. 447; Crim. No. 17-144, ECF No. 424) without prejudice. In the event McCracken's circumstances change, he may file a new motion for early termination of supervised release.

An appropriate order follows.

BY THE COURT:

Dated: December 17, 2024

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge